**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

FILED
CLERK

2015 AUG 17 AM 11: 01

U.S. DISTRICT COURT
EASTERN DISTRICT
OF NEW YORK

ALEXANDER VARSHAVSKY

**MISC 15 - 1576**

:
:
:
:
v.          :
:
UNITED STATES OF AMERICA          :
Defendant.          :
:
:

CIVIL ACTION No.

MEMORANDUM OF LAW
IN SUPPORT OF MOTION
PURSUANT TO FED. CRIM. P.
RULE 41(G) FOR RETURN OF
PROPERTY

CHEN, J.

**MEMORANDUM OF LAW IN SUPPORT OF**
**PLAINTIFF'S MOTION FOR RETURN OF PROPERTY**

Pursuant to Federal Rule of Criminal Procedure 41(g), Defendant Alexander Varshavsky, through undersigned counsel, respectfully moves this Honorable Court for an Order directing the Government to return to Defendant all property seized in relation to a criminal complaint filed in the District of New Jersey, No. 13-7363, now dismissed. Mr. Varshavsky is seeking return of a two iPhones, and all copies or mirror images of a cellphone and a laptop seized from Mr. Varshavsky's person at Teterboro airport; documents, computers and electronic storage media seized from the offices of New York Motor Company, Staten Island, pursuant to a search warrant issued by the Eastern District of New York; and documents seized pursuant to grand jury subpoena on December 23, 2013.

The instant Motion is the sole vehicle for return of the seized property which the Government has retained five (5) months beyond the dismissal of the underlying criminal charges, and seventeen (17) months since the date of seizure, with no additional civil or criminal proceedings instituted, and where such property is neither contraband nor subject to forfeiture.

1

## ARGUMENT

### Factual Statement

Alexander Varshavsky was arrested on December 23, 2014, by federal agents as he disembarked a plane at Teterboro Airport. The basis for the arrest was a criminal complaint charging a violation of Title 31 U.S.C. Sections §§ 5314 and 5322(b), failure to report foreign bank accounts ("FBAR"), originating in the District of New Jersey. (Affirmation of Robert G. Stahl, Exhibit A, Criminal Complaint). At the time of arrest, the Government seized, without warrant but ostensibly as part of a border search, a Nokia cellphone, two iPhones and a laptop computer belonging to Mr. Varshavsky. Digital copies of the contents of the electronic media were created before the Nokia cell phone and the laptop were returned to Mr. Varshavsky at a later date; the Government has never returned the two iPhones. (Affirmation of Robert G. Stahl). To our knowledge, the Government has never sought a search warrant for the contents of these phones and laptop, nor obtained valid consent to search. Now, more than seventeen months after the initial border seizure, the mirror images and the two iPhones remain in Government custody.

In connection with the New Jersey investigation, and on the same day of the arrest, federal law enforcement officers executed a search warrant issued by Magistrate-Judge Viktor V. Pohorelsky, Eastern District of New York and seized a laptop, computer, hard drives, DVD's and six boxes of miscellaneous documents from New York Motors Corporation, 900 South Avenue, Staten Island, New York. (Exhibit B, New York Search and Seizure Warrant). Mr. Varshavsky is a principal in this business. The affidavit in support of the search warrant remains sealed. At the same time, a grand jury subpoena for documents was served on the custodian of records for New York Motors Corp. and Alexander Varshavsky seeking any and all records for various listed companies associated with Mr. Varshavsky, again in relation to the criminal investigation

2

into the alleged failure to report the existence of foreign bank accounts. (Exh. A, Affirmation of Robert G. Stahl; Exhibit C, Grand Jury Subpoena). All documents, data and other property seized in New York also remain in the custody and control of the Government.

Mr. Varshavsky's counsel presented documents and legal authority demonstrating that there was no basis to the criminal charges. Accordingly, after numerous meetings, discussions, phone calls, and the defense's submission of documentation to the United States Attorney's Office, the Government finally agreed to dismiss the criminal complaint without prejudice on March 17, 2015. (Exh. D, ECF Document # 20). While Mr. Varshavsky sought dismissal of the charges, the Government continued to retain not only the digital data and documents purportedly responsive to the sealed probable cause showing, but all electronic data, including photographs, personal emails, privileged attorney-client communications, sensitive business information, internet search history, and phone applications and related data. The Government never instituted a search protocol or creation of a taint team or "Chinese wall" despite the fact that the electronic storage devices seized included personal smartphones and a laptop, as well as computer equipment and storage data from a business without any showing of pervasive fraud warranting seizure of all the corporation's business records.

The Government did not conduct a timely search of the seized property and return non-responsive or non-relevant personal and privileged documents and ESI. Following dismissal of the criminal complaint, the Government should have returned all seized property as well as any copies or mirror images of electronic data made and retained by the Government to Mr. Varshavsky. Nothing was returned, however, not even data non-responsive to the search warrant. Further, AUSA Marion Percell, the former Chief of the Money Laundering and Asset Forfeiture Unit and the government attorney assigned to the case in New Jersey, later informed

3

us that although the U.S. Attorney's Office for the District of New Jersey would be dismissing the complaint, the case was being referred to the Tax Division of the Department of Justice in Washington for "another look". (Exh. A, Affirmation of Robert G. Stahl, ¶ 6).

Counsel continued to request return of all the seized Electronically Stored information ("ESI"), the two smartphones and several computers, and the other property seized from Mr. Varshavsky's person and the offices of New York Motors.  AUSA Percell now informs us that despite repeated inquiries she has been unable to contact the Tax Division attorney responsible for the second look at the matter.  (Id., ¶ 7).

Seventeen months after the initial seizures, and almost five months beyond the dismissal of the criminal charges in this Court, the Government still possesses the seized property belonging to Mr. Varshavsky, without valid legal basis, in violation of his constitutional rights and without sufficient protection of his due process rights.

As there is no pending criminal proceeding, or a civil forfeiture proceeding, this Rule 41(g) motion is the sole remedy for the Government's unreasonable seizure in violation of Mr. Varshavsky's Fourth Amendment rights.

## Jurisdiction

Under Rule 41 (g), this court has "equitable jurisdiction....[to] order the return of property that is in the hands of the government." Bertin v. United States, 478 F. 3d 489, 492 (2d Cir. 2007); see also, Diaz v. United States, 517 F.3d 489, 492 (2d Cir. 2007).  The Second Circuit has held that both prior to and after the conclusion of civil or criminal proceedings, district courts maintain equitable jurisdiction to determine if the detention of a person's property is unreasonable. United States v. Adeleke, 355 F.3d 144, 151 (2d Cir. 2004).  Indeed, District

Courts possess not only the jurisdiction to decide such motions, but a duty to return "property involved in the proceeding, against which no Government claim lies" to its rightful owner. Mora v. United States, 955 F.2d 156, 158 (2d Cir. 1992) (further citation omitted).

By its very language, Rule 41(g) requires that motions for return of property be made in the district where the property at issue was seized, thus ostensibly requiring counsel to file in the Eastern District of New York for return of property seized here pursuant to the search warrant and grand jury subpoena. Fed. R. Crim. P. 41(g). Although three phones and a laptop were seized from Mr. Varshavsky's person in the District of New Jersey, when he landed at Teterboro Airport, Mr. Varshavsky asks this Court to exercise jurisdiction to decide the motion for return of property as to all items seized pursuant to the New Jersey investigation and now held by the Government in some unknown location. This is not a post-conviction proceeding. The criminal charges in New Jersey were dismissed. The property was never subject to forfeiture, as contraband or otherwise, and no civil proceedings were ever instituted in New Jersey. There is no current criminal proceeding in New Jersey, or in any other jurisdiction, and thus no ancillary proceeding available to Mr. Varshavsky through which to obtain his property. If Mr. Varshavsky had brought the instant motion in New Jersey, the District Court there would likely transfer the motion to the Eastern District New York because the search warrant was issued here, and it is the proper venue for at least the property seized in this District. See United States v. Parlavecchio, 57 Fed. Appx 917 (3d Cir. 2003) (noting that recent amendment to Rule 41(e) expressly requiring motions for return of property to made in the district where property at issue was seized resolves confusion of proper venue for motion). Forcing the defendant to litigate separate motions in two different District Courts would not serve the interests of judicial economy, and risks inconsistent findings in what should be a straightforward matter.

5

Accordingly, we respectfully ask this Court to exercise its jurisdiction to make a determination regarding Mr. Varshavsky's motion for return of all his property, even that seized in New Jersey.

## Legal Standard for a Rule 41(g) Motion for Return of Property

The legal basis for this Court's granting of the instant motion is fairly straightforward given the factual circumstances. Simply put, the Government has no legal basis to retain Mr. Varshavsky's property. In this Circuit and others, "'seized property, other than contraband, should be returned to the rightful owner'" upon termination of criminal proceedings. United States v. David, 131 F. 3d 55, 59 (2d Cir. 1997), quoting United States v. Francis, 646 F.2d 151, 262 (6th Cir. 1981), cert. denied, 454 U.S. 1082 (1981), see also, United States v. Chambers, 192 F. 3d 374 (3d Cir. 1999) (same), United States v. Smith, 659 F.2d 97, 99 (8th Cir. 1981); United States v. Martinson 809 F3d 1364 (9th Cir. 1987); United States v. Wilson, 540 F.2d 1100, 1103 (D.C. 1976) (District Court has both the jurisdiction and duty to return property). Fed. R. Crim. P. 41(g) expressly provides for this remedy, providing that a person "aggrieved by the unlawful search or seizure of property or by the *deprivation of property* may move for the property's return." Fed. R. Crim. P. 41(g).

If a motion for return of property is made while a criminal prosecution is pending, the burden is on the movant to demonstrate that he is entitled to the property. United States v. Chambers, supra, 192 F.3d at 377 (further citation omitted). Once criminal proceedings have terminated, however, the burden shifts to the Government to show "that it had a legitimate reason not to return the property to the person from whom it was seized." Id., quoting United States v. Edwards 903 F.2d at 274. Here, there is no pending criminal prosecution; the criminal complaint has been dismissed, and there is no prosecution *in esse*. Hence the Government most demonstrate that it has a legitimate reason not to return Mr. Varshavsky's property.

6

A "cognizable claim of ownership or right to possession adverse to that [of the owner]" constitutes a legitimate reason for the Government to retain seized property. Chambers, 192 F. 3d. at 377, citing United States v. Van Cauwenberghe, 934 F.2d 1048, 1061 (9th Cir.1991); Jackson v. United States, 526 F.3d 394, 397 (8th Cir. 2008) (further citation omitted).  The Government has no such claim in this case.  It is undisputed that the property seized at the border, and in New York pursuant to the New York warrant is neither contraband, nor subject to forfeiture.  No civil proceeding or criminal forfeiture proceeding was ever instituted against the property.

The Government may contend that it is permitted to retain possession of the property because it was lawfully seized, and is the subject of a continuing investigation.  Neither assertion even if established, would preclude the Court from granting this Motion, however.  First, the mere fact that property has been lawfully seized does not give the Government the right to indefinite retention of that property.  Seizure should be a temporary deprivation of use and possession, not a permanent transfer of title that permits the Government to interfere with the possessory interests of the owner indefinitely, as has occurred here.  "[A] seizure reasonable at its inception because based on probable cause may become unreasonable as a result of its duration." Segura v. United States, 468 U.S. 796, 812 (1984); see also, United States v. Place, 462 U.lS. 696, 703 (1983).

Thus, assuming for the sake of this argument that the Government can demonstrate that its seizures were lawful, the Government cannot justify its continued retention of the property for a year and a half, and five months beyond dismissal of criminal charges, without further taking further action.  See Lucky Messenger Service v. United States, 557 F.2d 15, 17-18 (7th Cir.1978) (where government seizes property and holds it for an unreasonable length of time without

bringing charges, or justifying the delay, the constitutional violation will require return of the property); United States v. Premises Known as 608 Taylor Ave, 584 F.2d 1297, 1202-03 (3d Cir. 1978); United States v. Martinson, 809 F. 2d 1364, 1370 (9th Cir. 1987). Here, there are no pending charges, and to counsel's knowledge, no pending grand jury investigation. Five months after dismissing a charge brought more than a year ago, the Government has taken no further action. Under these circumstances, the seizure, even if lawful at inception, has become unreasonable, requiring return of the property.

The Government may demonstrate that the property is evidence in a "continuing investigation" to justify holding seized property. Again, such a showing does not end the Court's inquiry. Even where the Government claims the need for the property with regard to an continuing investigation, it may not retain the property for an unreasonable period of time without taking action. In Re Madison, 687 F. Supp.2d 103, 118 (E.D.N.Y. 2009), citing United States v. Carter, 859 F. Supp. 202, 205 (E.D.Va. 1994).

The unreasonableness of the seizure here is not limited to the duration of the Government's seizure of Mr. Varshavsky's property. The Government has made a wholesale seizure of large quantities of electronically stored data found on Mr. Varshavsky's phones, laptop and the office computers, but has never segregated and returned non-responsive electronic files contained in the mirror images and the computers, hard drives, storage media, and phone, either before, or after, dismissal of the charges. It is undisputed that smartphones, laptops, and computers contain voluminous quantities of electronic data, including personal files and emails, photographs, internet search history, and applications that provide a particularly comprehensive and invasive instrusion into the most private and personal details of an individual's life, and those of the third parties with whom the individual communicates or shares his or her life.

8

Although the warrant permitted seizure of office files and all electronic data contained on the computers and electronic storage media seized pursuant to the Eastern District search warrant, neither the search warrant, nor the Fourth Amendment, permits the Government to indefinitely retain the entirety of the seized property, without segregating and returning the non-responsive electronic files and documents. See United States v. Metter, 860 F. Supp. 205, 215 (E.D.N.Y. 2012) (Government's delay of almost fifteen months in conducting timely review of electronic data seized pursuant to warrant to segregate and return non-responsive data unreasonable, requiring suppression); United States v. Ganias, 755 F.3d 125, 128 (2d Cir. 2014) (Government's retention of accountant's personal financial records, which were outside the scope of the search authorizing seizure of the defendants' office computers in a fraud investigation, for more than a year and a half was unreasonable).

The Government's retention of the seized phones, computers, and mirror images of electronic data from the phone and laptop that were returned has deprived Mr. Varshavsky of exclusive control and possession over those files for an unreasonable amount of time. Neither the border search doctrine, nor the search warrant exception, contemplate the indefinite retention of property by the Government as it determines whether there is probable cause for some other criminal violation. Here, the Government has retained the entirety of the data and information contained on Mr. Varshavsky's cell phones, computers, and mirror images of a laptop and phone, including electronic files that the Government has no probable cause to seize, for seventeen months. The Government's retention of this data constitutes an unreasonable seizure in violation of the Fourth Amendment that requires suppression and return of the property. Ganias, supra, citing United States v. Place, 462 U.S. 696, 708 (1983) (detention of traveler's luggage to wait for drug sniffing dog constituted a seizure); Soldal v. Cook County, 506 U.S. 52, 62-64 (1992)

(seizure occurs whenever property rights are violated, even if property is never searched, and owner's privacy is never violated); Loretto v. Teleprompter Manhattan CATV Corp., 458 U.S. 419, 435 (1982).

**Conclusion:**

It appears that the Government wishes to do here what it was not permitted to do in Ganias, namely, seize electronic records, even those non-responsive to a lawfully executed warrant for evidence of a specified crime, and retain them beyond the life of the original prosecution until it eventually develops probable cause to seize and search for evidence of some offense, whether it is an FBAR violation, a tax violation or some other offense. The Government has not obtained a search warrant related to any criminal tax violations, nor has it obtained a search warrant or consent to search the phones and computer equipment seized at the border. There is no question that this constitutes a flagrant disregard for Mr. Varshavsky's possessory interests, his right to privacy, and his right to due process. This motion represents the only vehicle by which Mr. Varshavsky can seek remedy, and AUSA Percell's inability to identify who currently has the file to review should not be a bar to remedy. The agents have possession of the evidence, and are waiting for permission to return it from the government prosecutors. It is respectfully submitted that the Court should compel the Government to immediately return the property and any and all copies, to Mr. Varshavsky.

Respectfully submitted,

ROBERT G. STAHL, ESQ.,
Laura K. Gasiorowski, on the Brief
Attorneys for Mr. Varshavsky

Dated: August 17, 2015

I hereby certify that this Brief and all accompanying exhibits were served upon counsel of record for the government both by email and regular mail this 17th day of August, 2015.

*s/ Robert G. Stahl*

_____

By:    ROBERT G. STAHL

cc:    AUSA Marion Percell

# EXHIBIT A

**LAW OFFICES OF ROBERT G. STAHL, LLC**
220 St. Paul Street
Westfield, New Jersey 07090
(908) 301-9001

Attorneys for Alexander Varshavsky

| | |
|---|---|
| ALEXANDER VARSHAVSKY, | Civil Action. No. 15- |
| | **CERTIFICATION OF** |
| v. | **ROBERT G. STAHL, ESQ.** |
| | **IN SUPPORT OF RETURN OF** |
| UNITED STATES OF AMERICA | **SEIZED ITEMS** |

STATE OF NEW JERSEY   )
                           ) SS
COUNTY OF UNION   )

      ROBERT G. STAHL, ESQ., of full age, hereby certifies as follow:

           1.     I am an attorney at law of the State of New Jersey.  I represent Alexander Varshavsky in connection with the above-listed matter.  As such, I am fully familiar with the facts contained herein.

           2.     On December 23, 2013, Alexander Varshavsky was arrested pursuant to a Criminal Complaint, charging a violation of Title 31 U.S.C. Sections 5314 and 5322(b), failure to report a foreign bank account, as he returned to the United States from Moscow.

           3.     Also on December 23, 2013, a search warrant issied by Magistrate-Judge Viktor V. Pohorelsky, E.D.N.Y., was executed at New York Motors Corporation, 900 South Avenue, Staten Island, New York.  New York Motors Corp. is a business entity associated with Mr. Varshavsky.  Numerous items were seized, including: paperwork, tax documents, bank records, credit card records, invoices, payroll records, computers and other physical items.

4.      Also on December 23, 20134, Grand Jury subpoenas for documents were served on Svetlana Gerus, as custodian of records for New York Motors Corp. and on Alexander Varshavsky.  In sum and substance, the subpoenas sought any and all records for various listed companies associated with Mr. Varshavsky from 2008 to December 2013 with foreign bank accounts exceeding $10,000 in value.

5.      On March 17, 2015, after numerous meetings, discussions, telephone calls and submissions of documents and other items to the United States Attorney's Office demonstrating that there was no criminal violation of Title 31, Sections 5314 and 5322(b), the government dismissed the criminal complaint without prejudice.  (Document Entry 20 on Pacer).

6.      On or about March 16, 2015, AUSA Marion Percell, the government attorney assigned to the case, informed me that the U.S. Attorney's Office for the District of New Jersey would be dismissing the complaint, but that the matter was being referred to the Tax Division of the Department of Justice in Washington, D.C.

7.      On several occasions since March 16, 2015, I have asked AUSA Percell for the name and contact information of the attorney in the Tax Divison who is reviewing the matter.  To date, no information has been provided to me.

8.      Mr. Varshavsky's documents and information contained on the seized computers has been held in the government's possession for the past seventeen (17) months. Moreover, those items have been retained by the government for more than four and a half (4.5) months since the criminal charges were dismissed.

9.      Pursuant to Federal Rule of Criminal Procedure 41(g), Mr. Varshavsky seeks the immediate return of all documents, computer files and other information seized pursuant to the search warrant and grand jury subpoenas.

2

I hereby certify that the foregoing statements made by me are true.  I am aware that if any of the above statements made by me are willfully false, I am subject to punishment.

_____
ROBERT G. STAHL, ESQ.

SWORN TO AND SUBSCRIBED
THIS _____ DAY OF AUGUST, 2015

3

# EXHIBIT B

AO 93 (Rev. 12/09) Search and Seizure Warrant

# UNITED STATES DISTRICT COURT

for the

Eastern District of New York

| In the Matter of the Search of<br>*(Briefly describe the property to be searched<br>or identify the person by name and address)*<br>900 South Avenue, Staten Island, New York, Suite 202, offices 61<br>and 62 | )<br>)<br>)<br>)<br>)<br>) | Case No. **13 M 1121** |

## SEARCH AND SEIZURE WARRANT

To:     Any authorized law enforcement officer

An application by a federal law enforcement officer or an attorney for the government requests the search of the following person or property located in the _____ Eastern _____ District of _____ New York _____ *(identify the person or describe the property to be searched and give its location)*:
900 South Avenue, Staten Island, New York, Suite 202, offices 61 and 62

The person or property to be searched, described above, is believed to conceal *(identify the person or describe the property to be seized)*:
See Attachment B

I find that the affidavit(s), or any recorded testimony, establish probable cause to search and seize the person or property.

**YOU ARE COMMANDED** to execute this warrant on or before _January 6, 2014_
*(not to exceed 14 days)*

☒ in the daytime 6:00 a.m. to 10 p.m.     ☐ at any time in the day or night as I find reasonable cause has been established.

Unless delayed notice is authorized below, you must give a copy of the warrant and a receipt for the property taken to the person from whom, or from whose premises, the property was taken, or leave the copy and receipt at the place where the property was taken.

The officer executing this warrant, or an officer present during the execution of the warrant, must prepare an inventory as required by law and promptly return this warrant and inventory to United States Magistrate Judge on duty
_____ .
*(name)*

☐ I find that immediate notification may have an adverse result listed in 18 U.S.C. § 2705 (except for delay of trial), and authorize the officer executing this warrant to delay notice to the person who, or whose property, will be searched or seized *(check the appropriate box)* ☐ for _____ days *(not to exceed 30)*.
☐ until, the facts justifying, the later specific date of _____

Date and time issued: _December 23, 2013 @ 4:45pm_     _____
*Judge's signature*

City and state:     Brooklyn, New York     Hon. Viktor V. Pohorelsky, U.S.M.J.
*Printed name and title*

S/W Inventory                                    12/23/2013

900 South Ave, Suite 202, Office 62, Staten Island, NY


SONY VAIO TAP Computer   Model: SVJ202
DELL Dimension 4600 Computer   S/N: IP2JR41
HP 8 GB Thumbdrive
MEMOREX External DVD Recorder
SONY DVD+R
6 BOXES OF MISC. Documents

# EXHIBIT C

2013R00584

# United States District Court

DISTRICT OF   NEW JERSEY

TO:

New York Motors Corp. and/or
its Custodian of Records and/or
Svetlana Gerus

**SUBPOENA TO TESTIFY
BEFORE GRAND JURY**

SUBPOENA FOR:
☐ PERSON    ☒ DOCUMENT(S) OR OBJECT(S)

YOU ARE HEREBY COMMANDED to appear and testify before the Grand Jury of the United States District Court at the place, date, and time specified below.

| PLACE | ROOM |
|---|---|
| Martin Luther King, Jr. Federal Building & Courthouse<br>50 Walnut Street<br>Newark, New Jersey 07102 | Grand Jury Rm. 1040 |
| | DATE AND TIME<br>1/2/14,@ 9:45am |

YOU ARE ALSO COMMANDED to bring with you the following document(s) or object(s):*

All records required to be maintained by Alexander Varshavsky, New York Motors Corp., European Realty, Avilon Group, or any of their subsidiaries or affiliates pursuant to Title 31, Code of Federal Regulations, Section 1010.420, namely:

As to each bank, securities, or other financial account in a foreign country exceeding $10,000 in a value in which Alexander Varshavsky, New York Motors Corp., European Realty, Avilon Group, or any of their subsidiaries or affiliates has had a financial interest, or over which any of those persons or entities has had signature or other authority, at any time during any calendar year from 2008 through the present: Any and all records stating the name in which each such account is maintained, the number or other designation of such account, the name and address of the foreign bank or other person with whom such account is maintained, the type of such account, and the maximum value of each such account during the reporting period.

Please contact Special Agent Deborah Hartman at (973) 851-3880 to confirm details of compliance with this subpoena.

☐ *Please see additional information on reverse.*

This subpoena shall remain in effect until you are granted leave to depart by the court or by an officer acting on behalf of the court.

| CLERK | DATE |
|---|---|
| *(illegible seal)* | December 23, 2013 |
| (By) Deputy Clerk<br>*A. Richardson* | |

| | NAME, ADDRESS AND PHONE NUMBER OF ASSISTANT U.S. ATTORNEY |
|---|---|
| This subpoena is issued on application of the United States of America<br>PAUL J. FISHMAN<br>United States Attorney | MARION PERCELL, Assistant U.S. Attorney *MP*<br>U.S. Attorney's Office, 970 Broad St., Newark, NJ 07102<br>973-645-2733 |

FORM OBD-227
Revised April 2009

* If not applicable, enter "none".

## RETURN OF SERVICE (1)

| | DATE | PLACE |
|---|---|---|
| **RECEIVED BY SERVER** | 12/23/2013 | District of New Jersey |
| **SERVED** | 12/23/2013 | 900 South Ave Staten Island, NY Suite 202 #62 |

**SERVED ON (NAME)**  Ruslan GANKIN   NJ # 6043768 088011916
DOB 1/29/1991

| **SERVED BY** | **TITLE** |
|---|---|
| SA Ricky Mills | Special Agent #2905 |

### STATEMENT OF SERVICE FEES

| TRAVEL | SERVICES | TOTAL |
|---|---|---|
| | | |

### DECLARATION OF SERVER (2)

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Return of Service and Statement of Service Fees is true and correct.

Executed on  12/23/2013
Date

Signature of Server   #2905

620 Frelinghuysen Ave Newark, NJ
Address of Server

**ADDITIONAL INFORMATION**

(1) As to who may serve a subpoena and the manner of its service see rule 17(d), Federal Rules of Criminal Procedure, or Rule 45(c), Federal Rules of Civil Procedure.

(2) Fees and mileage need not be tendered to the witness upon service of a subpoena issued on behalf of the United States or an officer or agency thereof (Rule 45(c), Federal Rules of Civil Procedure; Rule 17(d), Federal Rules of Criminal Procedure) or on behalf of certain indigent parties and criminal defendants who are unable to pay such costs (28 USC 1825, Rule 17(b) Federal Rules of Criminal Procedure)".



**U.S. Department of Justice**

*United States Attorney*
*District of New Jersey*

970 Broad Street, 7th floor                    973-645-2700
Newark, New Jersey 07102                        Fax: 973-297-2042

2013R00884

December 23, 2013

New York Motors Corp. and/or
its Custodian of Records and/or
Svetlana Gerus

               Re:   Subpoena duces tecum

Dear Sir/Madam:

    Pursuant to an official criminal investigation of a
suspected felony being conducted by a United States Grand Jury
for the District of New Jersey, enclosed is a subpoena for
testimony before the Grand Jury and production of the documents
or other objects identified in the subpoena.

    Thank you for your attention to this matter.

                         Sincerely,

                         PAUL J. FISHMAN
                         United States Attorney

                         By:   MARION PERCELL
                         Assistant U.S. Attorney

# EXHIBIT D

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | Hon. Cathy L. Waldor, U.S.M.J. |
| v. | : | Mag. No. 13-7363 |
| ALEXANDER VARSHAVSKY and NEW YORK MOTORS CORP. | : | <u>ORDER FOR DISMISSAL</u> |

Pursuant to Rule 48(a) of the Federal Rules of Criminal Procedure and by leave of Court endorsed hereon, United States Attorney Paul J. Fishman hereby dismisses the Complaint, Mag. No. 13-7363, against defendants Alexander Varshavsky and New York Motors Corp., which Complaint was filed on December 23, 2013, charging that the defendants knowingly and willfully failed to file reports required by 31 U.S.C. § 5314 and 31 C.F.R. § 1010.350, in violation of 31 U.S.C. §§ 5314 and 5322(b), because further prosecution of this charge is not in the interests of the United States at this time.

This dismissal is without prejudice.

PAUL J. FISHMAN
United States Attorney

Leave of Court is granted for the filing of the foregoing dismissal.

HON. CATHY L. WALDOR
United States Magistrate Judge

Dated:   March 17, 2015.



**U.S. Department of Justice**

*United States Attorney*
*District of New Jersey*

*970 Broad Street, 7th floor*          *973-645-2700*
*Newark, New Jersey 07102*

March 16, 2015

Honorable Cathy L. Waldor
United States Magistrate Judge
Martin Luther King Jr. Federal Building and Courthouse
50 Walnut Street
Newark, New Jersey  07102

      Re:    *United States v. Alexander Varshavsky, et al.,*
               <u>Mag. No. 13-7363</u>

Dear Judge Waldor:

      Enclosed is a proposed order dismissing without prejudice the complaint against defendants Alexander Varshavsky and New York Motors Corp. in the above-captioned matter because further prosecution is not in the best interests of the United States at this time.  If the proposed order meets with your approval, please enter it and arrange to have it electronically filed.

      Thank you.

               Respectfully yours,

               PAUL J. FISHMAN
               United States Attorney

               s/ *Marion Percell*

               By:  MARION PERCELL
               Assistant U.S. Attorney

Enc.
All Counsel (by electronic filing)